UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEGUNDO MARIANO ALVARADO CARRERO, (A#240-851-061),

        Petitioner,

    v.

WARDEN OF THE GOLDEN STATE ANNEX,

        Respondent.

No.  1:26-cv-02078-DAD-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native of Venezuela who entered the United States without inspection in June 2022. ECF No. 10 at 10.  "Within one day of his arrival, he was apprehended by an Immigration and Customs Enforcement (ICE) officer who released Plaintiff/Petitioner on his own recognizance, subject to certain conditions of release, including mandatory virtual and in-person check-ins, timely notice when Plaintiff/Petitioner changes his address, and no arrests or convictions."  ECF No. 10 at 10.  While on release, petitioner did not commit any crimes, materially complied with all conditions of release, and is not subject to a final order of removal. On January 25, 2026, petitioner was detained by ICE following a traffic stop in Florida.  ECF No. 10.  He is currently detained at Golden State Annex located in this judicial district.

1

Considering all of these factors, and consistent with the court's reasoning and rulings in substantively identical cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing.  See Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition and order immediate release on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for counsel (ECF No. 2) is denied as moot based on the Notices of Appearance of Counsel for petitioner filed on April 1, 2026 and April 6, 2026.[1]

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's amended petition for a writ of habeas corpus be granted on count one based on a violation of the Fifth Amendment's Procedural Due Process Clause.[2]

2.  Respondent be ordered to immediately release petitioner from respondent's custody on the same conditions that governed his release immediately prior to his detention on January 25, 2026.

3.  At the time of release, respondent be directed to return all of petitioner's documents and property.

4.  Respondent be prohibited from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden to demonstrate a change in circumstances by clear and convincing evidence.

---

[1]  Petitioner's request to seal documents will be resolved by separate order.  ECF No. 9.
[2]  In the interests of judicial economy, the remaining claims in the amended § 2241 petition are not addressed herein.

2

5. The Clerk be directed to serve the **Golden State Annex** with a copy of any order requiring release

6. Any order would not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3